## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

KEYSTONE MOUNTAIN LAKES
REGIONAL COUNCIL OF CARPENTERS as
successor in interest to NORTHEAST
REGIONAL COUNCIL OF CARPENTERS and
the NORTHEAST CARPENTERS FUNDS and
THE TRUSTEES THEREOF,

Civil Action No. 18-17708
(JMV) (JBC)

*Plaintiff,*

**ORDER**

v.

LLANOS DRYWALL, LLC and MJO
DRYWALL CONSTRUCTION LLC

*Defendants.*

<u>**John Michael Vazquez, U.S.D.J.**</u>

This matter comes before the Court by way of a motion for default judgment brought by

Plaintiff Keystone Mountain Lakes Regional Council of Carpenters ("Keystone"), D.E. 11; and it

**APPEARING** that prior to entering a default judgment, the court is first required to

determine whether it has jurisdiction over the subject matter and the parties. *Moroccanoil, Inc. v.*

*JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). "Because

courts lack personal jurisdiction where service of process is improper, determining proper service

is a threshold issue." *Khater v. Puzino Dairy, Inc.*, No. 14-4618, 2015 WL 4773125, at *3 (D.N.J.

Aug. 12, 2015) (quoting *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991)); and it further

**APPEARING** that Federal Rule of Civil Procedure 4(h)(1) applies to serving a corporation in a judicial district of the United States. Both Defendants are corporations in a judicial district of the United States. Under Rule 4(h)(1), such a corporation must be served:

> **(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> **(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by *also* mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1) (emphasis added). Mailing a copy of the summons and complaint alone, without personal delivery, is insufficient under 4(h)(1)(B); and it further

**APPEARING** that pursuant to Rules 4(h)(1) and 4(e)(1), a corporation may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district is located or where service is made." Fed. R. Civ. P. 4(e)(1). New Jersey law is applicable. New Jersey Court Rule 4:4-4 addresses personal service. Subsection (a)(6) provides that service of a summons and complaint shall be made

> [u]pon a corporation, by serving a copy of the summons and complaint in the manner prescribed by paragraph (a)(1) of this rule on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties, provided, however, that a foreign corporation may be served only as herein prescribed subject to due process of law[.]

N.J. Ct. R. 4:4-4(a)(6). Subsection (a)(1) in turns provides that service shall be made

2

> [u]pon a competent individual of the age of 14 or over, by delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein, or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf

N.J. Ct. R. 4:4-4(a)(1).

If personal service cannot be effected, then Rule 4:4-3 provides as follows:

> *If personal service cannot be effected after a reasonable and good faith attempt, which shall be described with specificity* in the proof of service required by R 4:4-7, service may be made by mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, to ... a person authorized by rule of law to accept service for the defendant or, with postal instructions to deliver to addressee only, to defendant's place of business or employment.

N.J. Ct. R. 4:4-3 (emphasis added); and it further

**APPEARING** that Plaintiff's certificate of service only indicated that "a copy of the Civil Cover Sheet, Complaint, Summons in a Civil Case; and Disclosure Statement was sent *via regular mail and certified mail*, return receipt requested, to Defendants at the addresses of Defendants' respective registered agents ... and that the signed Certified Mail receipts were returned to this office January 22, 2019, indicating that Defendants' agents received the mailing[.]" D.E. 5 at 2 (emphasis added). Plaintiff did not assert in the certification of service, or elsewhere, that personal service could not be effected after a reasonable and good faith attempt. Thus, Plaintiff's method of service was insufficient in light of both Federal Rule of Civil Procedure 4(h)(1)(B) and New Jersey Court Rule 4:4-3. Consequently, neither Defendant has been properly served; and it further

**APPEARING** that because Defendants have not been served, the Court lacks personal jurisdiction over Defendants. Therefore, Plaintiff's motion for default judgment must be denied.

For the foregoing reasons, and for good cause shown,

**IT IS** on this 23rd day of January, 2020,

**ORDERED** that Plaintiff's motion for default judgment, D.E. 11, is **DENIED**; and it is further

**ORDERED** that Plaintiff shall be granted leave to re-serve Defendants within ninety (90) days pursuant to the Federal Rules of Civil Procedure. If Plaintiff does not properly re-serve Defendants within ninety (90) days and file proof of service on the docket within ninety-five (95) days from receipt of this Order, the denial of Plaintiff's motion for default judgment will be with prejudice; and it is further

**ORDERED** that Clerk's Office is directed to reissue the summons as to Defendants Llanos Drywall, LLC and MJO Drywall Construction LLC.

John Michael Vazquez, U.S.D.J.